IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILMINGTON TRUST, N.A., | |
|     Plaintiff and Counter-Defendant, | 8:15-CV-296 |
| vs. | ORDER |
| SHARYL A. MASON, | |
|     Defendant and Cross-Defendant, | |
| and | |
| FBL FINANCIAL GROUP, INC. d/b/a FARM BUREAU FINANCIAL SERVICES, | |
|     Defendant and Counter-Plaintiff and Cross-Plaintiff. | |

    This matter is before the Court on FBL Financial Group, Inc.'s motion for interpleader (filing 23). FBL requests the Court to order FBL to deposit the funds referred to in the plaintiff's complaint into the registry of the Court, and to dismiss FBL from the action once the funds are deposited as ordered. Filing 23. In support of its motion, FBL states that it possesses the funds referred to in the plaintiff's complaint, that it disclaims any interest to those funds, and that once it has deposited the funds with the Court, it will have no further interest in this matter. Filing 23. No other party opposes this motion. *See* filing 25.

    Interpleader is a procedural device that allows a party in possession of property concededly belonging to another to avoid multiple liability. *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976). Interpleader is permitted only when the stakeholder is subject to multiple adverse claims against a single fund or liability. *Id.* The first stage of interpleader may be initiated by a defendant by way of counterclaim or cross-claim. Fed. R. Civ. P. 22. FBL has done so by asserting counter- and cross-claims against the other parties. Filing 12.

After the stakeholder has initiated the first stage of interpleader, and typically on some motion, the Court determines whether interpleader is available. *Great Am. Ins. Co. v. Bank of Bellevue*, 366 F.2d 289, 293 (8th Cir. 1966); *see* 7 Charles Alan Wright, et al., *Federal Practice and Procedure*, § 1714 (3d ed. 2015). Once the Court has determined that interpleader is appropriate, the Court may enter an order permitting the stakeholder to deposit the property into the registry of the Court. *See Bauer v. Uniroyal Tire Co.*, 630 F.2d 1287, 1291 n.4 (8th Cir. 1980). Next, if the Court finds that the stakeholder, after depositing the property, is disinterested in the matter, the Court may enter an order discharging the stakeholder. *Nebraska Ass'n of Sch. Boards, Inc. v. Strategic Governmental Sols., Inc.*, 2009 WL 205056, at *2 (D. Neb. Jan. 26, 2009); Wright, et al., *supra*; *cf.* 18 U.S.C. § 2361 (authorizing the court to discharge plaintiffs bringing interpleader actions under the same circumstances).

Here, FBL has property in its possession that is subject to multiple adverse claims: both the plaintiff, Wilmington Trust, N.A., and the defendant Sharyl A. Mason claim an interest in the property. *See* filings 1, 14. Consequently, interpleader is appropriate, and the Court will permit FBL to deposit the funds referred to in the plaintiff's complaint into the Registry of the Court. In addition, neither of the other parties has asserted that FBL is independently liable to them for any reason, and FBL asserts that once it has deposited the property, it will have no interest in this matter. Thus, once the Court receives notification that FBL has deposited the property, the Court will dismiss FBL from the matter.

IT IS ORDERED:

1. The defendant FBL Financial Group, Inc.'s motion for interpleader (filing 23) is granted.

2. FBL Financial Group, Inc. may deposit the $108,226.25 in its possession that is at issue in this case with the Clerk of the Court pursuant to Federal Rule of Civil Procedure 67.

3. The Clerk of the Court shall deposit the funds into an interest-bearing account until further order of this Court.

4. Upon being notified that the sum has been so deposited, the Court will dismiss FBL from this matter.

Dated this 6th day of January, 2016.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
United States District Judge