IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILMINGTON TRUST, N.A., | |
| Plaintiff and Counter-Defendant, | 8:15-CV-296 |
| vs. | ORDER |
| SHARYL A. MASON, | |
| Defendant and Cross-Defendant, | |
| and | |
| FBL FINANCIAL GROUP, INC. d/b/a FARM BUREAU FINANCIAL SERVICES, | |
| Defendant and Counter-Plaintiff and Cross-Plaintiff. | |

This matter is before the Court on what the Court believes to be a motion for appointment of counsel (filing 29 at 39), which defendant Sharyl A. Mason filed as part of her response to Wilmington Trust, N.A.'s motion for judgment on the pleadings. The Court will consider appointing an attorney to represent Mason in this proceeding, after Mason fills out the Court's official form showing that she cannot afford to hire an attorney.

Mason has no right to an attorney in this proceeding, because it is civil, not criminal. *Ward v. Smith,* 721 F.3d 940, 942 (8th Cir. 2013). But the Court may request an attorney to represent a person who is unable to afford an attorney. 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)); *see generally Mallard v. U.S. Dist. Ct.,* 490 U.S. 296 (1989). And an attorney appointed by the Court may be able to receive expenses or attorney fees awarded by the Court pursuant to NEGenR 1.7(g).

But counsel may only be appointed for someone who is indigent—that is, for someone who cannot afford an attorney. And the only evidence before the Court right now on that subject is Mason's *unsworn* statement that she cannot afford to hire an attorney. *See* filing 29 at 39. Mason must provide the Court with evidence that she cannot afford to hire an attorney. So, before

going any further, the Court will direct Mason to complete Form AO 240, "Application to Proceed in District Court Without Prepaying Fees or Costs," and send the completed form to the Court. That way, the Court will have evidence about whether Mason can afford to retain her own counsel. The Court has attached that form to this order, but it is also available on the Court's web page at http://www.ned.uscourts.gov/forms.

The Court will delay considering Wilmington Trust N.A.'s motion for judgment on the pleadings until Mason's request for appointment of counsel is resolved.

IT IS ORDERED:

1. The Clerk of the Court shall send a copy of this order to Mason along with a copy of Form AO 240.

2. Mason shall complete Form AO 240 and send the completed form to the Court on or before February 18, 2016.

3. The Clerk of the Court shall set a case management deadline of February 18, 2016 with the following docket text: Check on Form AO 240.

Dated this 3rd day of February, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge